STURGIS, Chief Judge
(specially concurring) .
I fully concur in the reasoning and conclusion expressed by the able opinion of Carroll, J., which makes it unnecessary to pass on the question, raised by appellants’ motion to dismiss the complaint, of its sufficiency to state a cause in equity, as to which I have grave doubt.
The single proposition upon which the ap-pellee based its right to relief is that the act of the Commission, in vacating its Order No. 2610, operated to deprive appellee of its property rights without due process of law. Unless and until a rate increase is finally allowed in accordance with law, no right exists to have such increase, and it follows that until that time, at least, there can be no deprivation of property rights. One cannot lose that which he has never enjoyed.
The provisions of Section 364.05, F.S., F.S.A., simply vest in the Commission, upon good cause shown, discretion to enter an order allowing an increase in rates pending determination of the ultimate question of whether a permanent increase in rates shall be granted, and under such terms and conditions for protection of the public interest as it may deem advisable. The action of the Commission in revoking Order No. 2610, which is not predicated upon this critical question of ultimate fact, cannot prejudice a body that is clothed with the extraordinary privileges accorded public utilities, including that of having assured to it a reasonable income on investment.
This is not a case where there has been a showing of unreasonable delay on the part of the Commission or of a final conclusion by the Commission that has the *895 effect of depriving the public utility of its property rights without due process of law, which circumstances have been recognized as affording proper grounds for relief in equity; and it is my purpose simply to make it-clear that our decision is not to be construed as an acknowledgment that the complaint in this cause met the assault of the motion to dismiss.